## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN D. HORTON, Jerry Turrell, deceased as of February 21, 2019, located at Pecan Cemetery, Lawton, Oklahoma, by his first cousin and next of kin, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-22-00452-JD |
| DEPARTMENT OF VETERANS AFFAIRS; FEDERAL PERSONNEL RECORDS CENTER; and NATIONAL GUARD BUREAU, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

Before the Court is Defendants' Motion to Dismiss ("Motion"). [Doc. No. 25].

Plaintiff John D. Horton ("Mr. Horton") responded in opposition ("Response").[1] [Doc.

No. 26]. Defendants move under Federal Rule of Civil Procedure 12(b)(1) to dismiss Mr.

Horton's claims asserting that Mr. Horton lacks prudential standing to pursue claims on

behalf of his deceased cousin and that the Court lacks subject-matter jurisdiction to

adjudicate claims concerning veterans affairs ("VA") benefits. Additionally, Defendants

move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Mr. Horton's claims

---

[1] Mr. Horton's Response includes a Motion for Sanctions Against the United States for Conducting an Unlawful and "Without-a-Search-Warrant" Search of the Plaintiff's Internet Protocol Address to Geolocate the Plaintiff. Under Local Civil Rule 7.1(c), "[a] response to a motion may not also include a motion or a cross-motion made by the responding party." Thus, the Court disregards Mr. Horton's motion.

against Defendants Federal Personnel Records Center ("NPRC") and the National Guard Bureau ("NGB") for failure to state a claim upon which relief can be granted. Upon consideration, the Court grants the Motion.

## I.   <u>BACKGROUND</u>

Mr. Horton brings this action on behalf of his deceased first cousin, Jerry Turrell, to determine whether Mr. Turrell is entitled to VA benefits and eligible for internment in the VA Cemetery in Elgin, Oklahoma. *See* Compl. [Doc. No. 1] ¶¶ 2, 3.[2] Mr. Horton alleges that he is Mr. Turrell's next of kin and that Mr. Turrell has no surviving spouse, children, or parents. *See id.* ¶ 2. He asks the Court to order Defendants to confer among themselves "so that the appropriate defendant can issue a final ruling on the question of whether Jerry Turrell is entitled to burial in the Veterans Affairs Cemetery, Elgin, Oklahoma." *See id.* at 5.[3]

## II.   <u>STANDARD OF REVIEW</u>

### A.   **Legal Standard for Rule 12(b)(1) Motions**

"Federal courts are courts of limited jurisdiction" and may exercise jurisdiction only when specifically "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

---

[2] Mr. Horton alleges that Mr. Turrell is currently buried in the "'Potter's Field' at Pecan Cemetery without any markings." *Id.* ¶ 2 (footnotes omitted); *see also id.* at n.8 (explaining that a potter's field means a paupers' or common grave and "is a place for the burial of unknown, unclaimed or indigent people").

[3] The Court uses CM/ECF page numbering from the top of docket filings in this Order.

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial or factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id.* In reviewing a facial challenge, a district court must accept the allegations in the complaint as true. *Id.* However, in a factual attack, the moving party may go beyond the allegations contained in the complaint and challenge the facts upon which subject-matter jurisdiction depends. *Id.* A district court may not presume the truthfulness of the complaint's factual allegations when reviewing a factual attack on subject-matter jurisdiction. *Id.* Rather, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

Once challenged, the burden of proving subject-matter jurisdiction is on the plaintiff. *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797–98 (10th Cir. 2002) (explaining that "conclusory allegations of jurisdiction are not enough"; plaintiff must "show, by a preponderance of the evidence, that jurisdiction exists" (internal quotation marks and citations omitted)); *see Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

Defendants present a facial challenge to subject-matter jurisdiction. When the Court's jurisdiction over a claim is in question, the jurisdictional issue is a threshold matter that the Court must resolve before reaching other matters that may dispose of the claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

3

B.      **Legal Standard for Rule 12(b)(6) Motions**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a defendant's liability" will not suffice. *Id.* (internal quotation marks and citations omitted). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Under this standard, the Court accepts all well-pleaded factual allegations as true and views the allegations in the light most favorable to the nonmovant. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Conclusory statements, however, are not entitled to the assumption of truth and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted).

C.      **Review of Pleadings Filed Pro Se**

Mr. Horton is proceeding pro se; thus, the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Court may not "assume the role of advocate for the pro se litigant." *Id.* If the Court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, . . . or his unfamiliarity with pleading requirements." *Id.*

Nonetheless, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

III.   <u>**ANALYSIS**</u>

A.      **Mr. Horton lacks prudential standing to bring claims on his deceased cousin's behalf.**

Defendants argue that Mr. Horton lacks standing to bring claims on behalf of Mr. Turrell. Specifically, Defendants contend that Mr. Horton's lawsuit should

be dismissed for lack of prudential standing. Mr. Horton counters that he has

standing because he is the "nearest living relative" of Mr. Turrell. Response at 7.

A federal court may hear cases and controversies only when the plaintiff

has standing to sue.

> Standing has two components. First, standing has a constitutional
> component arising from Article III's requirement that federal courts hear
> only genuine cases or controversies. Second, standing has a prudential
> component. *See Habecker v. Town of Estes Park, Colo.*, 518 F.3d 1217,
> 1224 n.7 (10th Cir. 2008) (noting that prudential standing concerns may
> prevent judicial resolution of a case even where constitutional standing
> exists).

*New Mexico v. McAleenan*, 450 F. Supp. 3d 1130, 1164 (D.N.M. 2020); *see also*

*Kowalski v. Tesmer*, 543 U.S. 125, 128–29 (2004) ("The doctrine of standing asks

whether a litigant is entitled to have a federal court resolve his grievance. This inquiry

involves 'both constitutional limitations on federal-court jurisdiction and prudential

limitations on its exercise.'") (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

Standing is a preliminary determination, and the burden of establishing standing

rests on the party invoking federal jurisdiction. Here, that's Mr. Horton. *See W.*

*Watersheds Project v. Interior Bd. of Land Appeals*, 62 F.4th 1293, 1296 (10th Cir.

2023); *see also Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543 (10th Cir.

2016) (explaining that the court must resolve issues of standing before it may reach the

merits of the claims). To that end, Horton must "allege . . . facts essential to show

jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). "It is a long-

settled principle that standing cannot be inferred argumentatively from averments in the

pleadings, but rather must affirmatively appear in the record." *Id.* (internal quotation

marks and citations omitted); *see Phelps v. Hamilton*, 122 F.3d 1309, 1326 (10th Cir. 1997) (same).

      "'Prudential standing is not jurisdictional in the same sense as Article III standing.'" *McAleenan*, 450 F. Supp. 3d at 1165 (quoting *Finstuen v. Crutcher*, 496 F.3d 1139, 1147 (10th Cir. 2007)). Thus, the Court "assume[s] without deciding that it is appropriate to dismiss a complaint under Rule 12(b)(6), rather than Rule 12(b)(1), when the plaintiff lacks prudential standing" because "such standing isn't jurisdictional." *VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1146 n.4 (10th Cir. 2017) (citing cases holding dismissal for lack of prudential standing is under Rule 12(b)(6)).

      Prudential standing has three requirements: (1) "'a plaintiff must assert his own rights, rather than those belonging to third parties'"; (2) "'the plaintiff's claim must not be a generalized grievance shared in substantially equal measure by all or a large class of citizens'"; and (3) "'a plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit.'" *McAleenan*, 450 F. Supp. 3d at 1165 (quoting *Bd. of Cnty. Comm'rs of Sweetwater Cnty. v. Geringer*, 297 F.3d 1108, 1112 (10th Cir. 2002) (internal quotation marks and citations omitted)). "[S]tanding is not dispensed in gross;" thus, a plaintiff must demonstrate standing for each claim and for each form of relief. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

      Federal Rule of Civil Procedure 17(a)(1) "essentially codifies" the first requirement of prudential standing by requiring an action to "be prosecuted in the name of the real party in interest." *Brumfiel v. U.S. Bank*, 618 F. App'x 933, 936 (10th Cir.

2015) (unpublished). Notwithstanding this rule, a plaintiff can assert the rights of others under the doctrine of third-party standing if he can "make two additional showings." *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004). First, he must show that he "has a 'close' relationship with the person who possesses the right." *Id.* (quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991)). Second, he must show that "there is a 'hindrance' to the possessor's ability to protect his own interest." *Id.* (quoting *Powers*, 499 U.S. at 411).

Mr. Horton has not alleged any facts to show that he has a close relationship with Mr. Turrell to satisfy third-party standing. Mr. Horton does not allege that he is the executor, administrator, or personal representative of Mr. Turrell's estate. Notably, he is not even referenced in Mr. Turrell's obituary. [Doc. No. 1-1].[4] Nor does he claim to have borne any expense for Mr. Turrell's burial.

Although Mr. Horton alleges that he is Mr. Turrell's "next of kin and first cousin," and that Mr. Turrell "has no surviving spouse, children or parents," these allegations are insufficient to confer third-party standing. *See* Fed. R. Civ. P. 17(a)(1); 38 U.S.C. § 5121(a); 38 U.S.C. § 101 (defining "veteran," "surviving spouse," "child," and "parent" for purposes of veterans' benefits); *Morris v. Shinseki*, 26 Vet. App. 494, 500 (Vet. App. 2014) (explaining that the plaintiff's status as the deceased veteran's brother, which is not one of the categories of persons listed in section 5121(a), makes him ineligible for

---

[4] In analyzing a motion to dismiss, the Court may consider documents that the complaint incorporates by reference, documents referred to in the complaint if they are central to the plaintiff's claims and the parties do not dispute their authenticity, and matters of which the Court may take judicial notice. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

accrued benefits due and unpaid); *see also Youngman v. Shinseki*, 699 F.3d 1301, 1304

(Fed. Cir. 2012) (concluding that the veteran's fiduciary did "not have standing or

authority to receive accrued benefits that were unpaid at the veteran's death, other than in

accordance with payments as provided in 38 U.S.C. § 5121(a), to designated family

members or for reimbursement of the expenses of last sickness and burial").

Accordingly, Mr. Horton lacks prudential standing to bring claims on his deceased

cousin's behalf, and the Court dismisses without prejudice Mr. Horton's claims.[5]

**B.**    **This Court also lacks subject-matter jurisdiction to adjudicate claims regarding veterans' benefits.**

Defendants alternatively claim that Mr. Horton's claims should be dismissed for

lack of subject-matter jurisdiction because of sovereign immunity. *See* Motion at 8

("While Plaintiff's claims are not entirely clear, he generally seeks a determination of

---

[5] The Court acknowledges there are cases where dismissal has been with prejudice, without expressly deciding the issue. *See VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1149, 1146 n.4 (10th Cir. 2017) (affirming the district court's ruling that the plaintiff "lacks prudential standing . . . and its order dismissing [the plaintiff's] federal claims with prejudice"; noting that because the plaintiff "doesn't challenge the district court's decision to dismiss the [federal] claims with prejudice," the circuit "need not consider whether the district court should have dismissed those claims without prejudice"). Here, no party takes a position on whether dismissal should be with or without prejudice. Given the additional basis of dismissal for lack of subject-matter jurisdiction analyzed below, the Court opts to dismiss the claims without prejudice. There also is authority that supports dismissal without prejudice for lack of prudential standing. *See Brumfiel v. U.S. Bank*, 618 F. App'x 933, 935–38 (10th Cir. 2015) (unpublished) (affirming judgment of district court of dismissal without prejudice but relying on lack of prudential standing instead of Article III standing, which was the district court's focus); *cf. Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216, 1218 (10th Cir. 2006) (explaining that a dismissal for lack of standing should be without prejudice where the court lacks jurisdiction over the action and "is *incapable* of reaching a disposition on the merits of the underlying claims).

[Mr. Turrell's] eligibility for VA benefits."). Defendants point out that they have not waived sovereign immunity in federal district court for claims involving VA benefits. Mr. Horton contends that the Court has federal question jurisdiction to hear his lawsuit under 28 U.S.C. § 1331 and alleges that remedies under the Administrative Procedure Act ("APA") have been exhausted. *See* Compl. ¶ 1. He also asserts his action is in the nature of mandamus relief. *See* Response at 4 (requesting that the Court "issue a mandamus-type order"). But under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Waiver of sovereign immunity "'must be unequivocally expressed.'" *Id.* (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Absent clear congressional consent, there is no jurisdiction to entertain suits against the United States. *See id.*

> **(1)    *38 U.S.C. § 511(a) precludes review of VA benefits claims by federal district courts regardless how the plaintiff's claims are styled.***

Regardless of the labels he attaches to them, whether mandamus or otherwise, Mr. Horton generally seeks a determination of his deceased cousin's eligibility for VA benefits, which is "beyond the jurisdiction" of this Court. *See Turner v. United States*, 501 F. App'x 840, 843 (10th Cir. 2012) (unpublished) (explaining that, regardless of the plaintiff's attempts to frame his case as one for medical malpractice or negligence, the case was "at its core, a challenge to the VA's decision regarding benefits" and exclusive jurisdiction to decide such questions rests with the Secretary of Veterans Affairs under 38 U.S.C. § 511(a)). This section "precludes federal court review of V.A. administrative

decisions." *Velayo v. V.A. Domiciliary Aftercare Program*, 36 F. App'x 403, 404 (10th Cir. 2002) (unpublished).

> Section 511(a) states, in pertinent part:
>
> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a); *see also Nails v. Slusher*, 628 F. App'x 625 (10th Cir. 2016) (unpublished) (concluding that the plaintiff's claims challenging the VA's denial of benefits were outside the jurisdiction of the district court); *Johnson v. Dep't of Veterans Affs.*, 351 F. App'x 288, 290–91 (10th Cir. 2009) (unpublished) (affirming that the district court lacked subject-matter jurisdiction to consider veteran's claims because review is authorized only by the Board of Veterans' Appeals, the Court of Appeals for Veterans Claims, the Federal Circuit, and the United States Supreme Court).

Moreover, "general jurisdictional statutes, such as 28 U.S.C. § 1331, do not waive the Government's sovereign immunity . . . ." *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009). Thus, Mr. Horton's invocation of federal question jurisdiction does not save his suit from Defendants' sovereign immunity.

11

> **(2)** **Waiver of sovereign immunity under the APA is not applicable to Mr. Horton's claims.**

Mr. Horton alleges that remedies under the APA have been exhausted. Compl. ¶ 1 n.4. Any attempt by Mr. Horton to raise VA benefits claims under the APA fails, however, because the APA's waiver of sovereign immunity does not apply.

The APA provides a broad waiver of sovereign immunity, codified at 5 U.S.C. § 702. *See* 5 U.S.C. § 702 ("An action in a court of the United States seeking relief other than money damages . . . shall not be dismissed nor relief therein be denied on the ground that it is against the United States . . . ."). The waiver, however, is limited by two exceptions. First, § 701(a)(1) provides that Chapter 7 of the APA, including § 702's waiver of sovereign immunity, does not apply to cases in which "statutes preclude judicial review." 5 U.S.C. § 701(a)(1); *see Normandy Apartments*, 554 F.3d at 1295 (quoting *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006)) (explaining the "'waiver does not apply where any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought'"). Second, under the APA, a federal district court may only review "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court."[6] *See* 5 U.S.C. § 704; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) (explaining that an action under 5 U.S.C. § 702 must also satisfy the requirements of § 704).

---

[6] Additionally, the Court notes that Mr. Horton has failed to adequately plead that he is challenging a final agency action. *See* 5 U.S.C. § 704. Rather, he asks the Court to order the parties to confer "so that the appropriate defendant *can issue a final ruling* on the question of whether Jerry Turrell is entitled to burial in the Veterans Affairs Cemetery, Elgin, Oklahoma." Compl. at 5 (emphasis added).

Here, 38 U.S.C. § 511 expressly precludes federal district court review of VA benefits claims, and the Veterans' Judicial Review Act of 1988 ("VJRA"), codified in sections scattered in 38 U.S.C., establishes a multi-tiered framework for adjudication of claims regarding veterans benefits. *See Velayo v. V.A. Domiciliary Aftercare Program*, 36 F. App'x 403, 404–05 (10th Cir. 2002) (unpublished); *Beamon v. Brown*, 125 F.3d 965, 967–70, 974 (6th Cir. 1997).[7] Thus, the system of judicial review outlined in the VJRA provides Mr. Horton with an alternate adequate remedy. *See Beamon*, 125 F.3d at 974 (concluding "that Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims," that the plaintiff veterans had an alternate adequate remedy in the United States Court of Veterans Appeals,[8] and the APA's waiver of sovereign immunity was not applicable to their claims).

---

[7] The process starts when a claimant files for benefits with the regional office of the Department of Veterans Affairs. Upon receiving a decision from the regional office, the claimant may appeal to the Board of Veterans' Appeals ("BVA"). The United States Court of Appeals for Veterans Claims has exclusive jurisdiction over appeals from the final decisions by the BVA, and the Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the United States Court of Appeals for Veterans Claims. If necessary, a claimant may petition the United States Supreme Court to review the decision of the Federal Circuit. *See* 38 U.S.C. §§ 511(a), 7104, 7251, 7252(a), 7266, 7291, and 7292; *see also Beamon*, 125 F.3d at 967; *Velayo*, 36 F. App'x at 404–05.

[8] The Court formerly known as the United States Court of Veterans Appeals was redesignated as the United States Court of Appeals for Veterans Claims. *See* Veterans Programs Enhancement Act of 1998, Pub. L. No. 105-368, 112 Stat. 3315, § 511; *see also* 38 U.S.C. § 7251.

Accordingly, under 5 U.S.C. § 701(a)(1) and § 704, the APA's waiver of sovereign immunity does not apply to Mr. Horton's claims, and the Court also dismisses without prejudice Mr. Horton's claims for lack of subject-matter jurisdiction.[9]

### C.   To the extent that Mr. Horton is attempting to raise claims against Defendants NPRC and NGB for a VA benefits eligibility determination, they are not proper defendants.

Finally, Defendants contend that NPRC and NGB lack authority to grant the relief Mr. Horton seeks and should be dismissed for failure to state a claim. Mr. Horton maintains that NPRC has not complied with his request and should be directed to comply.

"Title 38 U.S.C. § 511(a) vests exclusive jurisdiction with the Secretary of Veterans Affairs to 'decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" *Turner v. United States*, 501 F. App'x 840, 843 (10th Cir. 2012) (unpublished) (quoting 38 U.S.C. § 511(a)). Thus, the Secretary of the Department of Veterans Affairs would be the proper defendant in a lawsuit filed in a court with jurisdiction to hear such claims.

To the extent Mr. Horton is attempting to raise claims against NPRC and NGB, his creative styling of claims does not transform his inquiry about VA benefits into a claim raised against these additional defendants. *Cf. id.* These agencies have no authority to make VA benefits eligibility determinations.

---

[9] *Cf. Warren v. United States*, 244 F. Supp. 3d 1173, 1217 (D.N.M. 2017) (noting that the "Tenth Circuit has emphasized that all dismissals for lack of jurisdiction, including those for a failure to establish a waiver of sovereign immunity . . . should be without prejudice"); *see also Brereton*, 434 F.3d at 1216 (explaining that "[a] longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice").

14

IV.    **CONCLUSION**

For these reasons, the Court GRANTS Defendants' Motion to Dismiss [Doc. No. 25]. The Court dismisses without prejudice Mr. Horton's claims for lack of standing and subject-matter jurisdiction. The Court also dismisses without prejudice Mr. Horton's claims against Defendants Federal Personnel Records Center and National Guard Bureau. Given the dismissal of the action, the Court does not address the payment of filing fees issue raised by Defendants in their Motion.[10]

IT IS SO ORDERED this 30th day of July 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[10] Additionally, this would appear to involve a reconsideration or the setting aside of the late United States Magistrate Judge Gary Purcell's order issued on June 3, 2022 [Doc. No. 5], and Defendants do not address those legal standards in their Motion. The Court declines to do so in the first instance.